[Cite as *State v. Loomis*, 2025-Ohio-789.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,

  v.

JOSHUA RYAN LOOMIS,

      DEFENDANT-APPELLANT.

CASE NO. 14-24-33

O P I N I O N

Appeal from Union County Common Pleas Court
Trial Court No. 23-CR-0232

**Judgment Affirmed**

**Date of Decision:  March 10, 2025**

APPEARANCES:

    *Alison Boggs* **for Appellant**

    *Andrew M. Bigler* **for Appellee**

Case No. 14-24-33

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Joshua Ryan Loomis ("Loomis") brings this appeal from the judgment of the Court of Common Pleas of Union County finding him guilty of one count of Attempted Engaging in a Pattern of Corrupt Activity and sentencing him to a prison term of 30 months. On appeal Loomis claims that the trial court erred by ordering the sentence to run consecutive to the sentence imposed in a different case without making the findings for consecutive sentences. For the reasons set forth below, the judgment is affirmed.

{¶2} On May 15, 2024, Loomis voluntarily entered a guilty plea to one count of attempted engaging in a pattern of corrupt activity in violation of R.C. 2923.02, 2923.32(A)(1), (B)(1), a felony of the third degree. A sentencing hearing was held on July 3, 2024. The trial court ordered Loomis to serve a 30 month prison term and then ordered that the sentence be served consecutive to a sentence imposed on Loomis in Franklin County. In doing so, the trial court made the following findings regarding consecutive sentences.

> The court finds that consecutive sentences are necessary to protect the public from future crime and to punish the defendant. Consecutive sentences are not disproportionate to the seriousness of the defendant's conduct or the danger he poses to the public. The – there are multiple offenses. The defendant has a significant history. Therefore, the court imposes a 30 month sentence to run consecutive to Franklin County.

-2-

Tr. 7.[1]  These findings were repeated in the sentencing entry.

> The Court further finds that consecutive sentences are necessary to protect the public from future crime and to punish the Defendant and that consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger the Defendant poses to the public.
>
> The Court further finds that the offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to [R.C. 2929.16, 2929.17, or 2929.18], or was under post-release control for a prior offense.
>
> The Court further finds that the Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the Defendant.

Doc. 54 at 7-8.   The findings were supported by the presentence investigation ("PSI").   Loomis appeals from the sentence imposed and raises the following assignment of error on appeal.

> **The trial court erred when it ordered [Loomis's] sentence to run consecutive to the sentence he received from Franklin County.**

**{¶3}** To impose consecutive sentences, a trial court is required to make certain findings at the sentencing hearing and in the sentencing entry.   R.C. 2929.14(C)(4) provides:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to

---

[1] The trial court also informed Loomis that it would consider granting him judicial release after he completed six months of his sentence.

the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C). In making these findings, the trial court is not required to use the exact words of the statute as long as the necessary findings can be found in the record and are incorporated into the sentencing entry. *State v. Bonnell*, 2014-Ohio-3177, ¶ 29.

**{¶4}** Here, the trial court specifically made the findings that the sentence was necessary to protect the public from future crime and that the sentence was not disproportionate to the seriousness of Loomis's conduct and to the danger Loomis posed to the public. The trial court also noted that Loomis had an extensive criminal history pursuant to R.C. 2929.14(C)(4)(c). This finding was supported by the information in the PSI. Although the sentencing entry contains an additional finding (that the offense was committed while Loomis was on post-release control), the

statute only requires the trial court to find one factor. The fact that the sentencing entry contained two of the statutory factors rather than only one does not affect the validity of the sentence. As the trial court made the required findings at the sentencing hearing and in the sentencing entry, the assignment of error is overruled.

{¶5} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Court of Common Pleas of Union County is affirmed.

*Judgment Affirmed*

**ZIMMERMAN and MILLER, J.J., concur.**

**/hls**